UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN COWART                                                       CIVIL ACTION

VERSUS                                                          NO. 24-939-JWD-RLB

OCCIDENTAL CHEMICAL
CORPORATION, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions of law, and recommendations within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 4, 2025.

                                                                                RICHARD L. BOURGEOIS, JR.
                                                                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN COWART** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-939-JWD-RLB** |
| **OCCIDENTAL CHEMICAL CORPORATION, ET AL.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Now before the Court is John Cowart's ("Plaintiff") Motion to Remand. (R. Doc. 8). Also before the Court is Occidental Chemical Corporation ("OCC"), Bryan Moore, William Pearce, Michael Scholle, and Nomeriano Cruz's (together, "Defendants") Opposition to Plaintiff's Motion to Remand. (R. Doc. 11).

**I.      Background**

Plaintiff filed a lawsuit regarding the subject matter of this proceeding solely against Oxy USA, Inc., and Oxy, Inc., on June 23, 2023 in the 113th J.D.C. of Harris County, Texas. (R. Doc. 11-1). On January 30, 2024, Plaintiff amended his complaint to include OCC. (R. Doc. 8-1). Plaintiff alleged he had been severely injured after being directed to perform work in a caustic unit at Oxy USA, Inc., Oxy, Inc., and OCC's Geismar, Louisiana plant. On May 16, 2024, while still in Texas state court, OCC filed a Motion to Dismiss or Stay on Grounds of *Forum Non Conveniens*. (R. Doc. 8-2). The state court granted this motion on August 20, 2024, finding it appropriate for the action to be handled in Louisiana. (R. Doc. 8-4). That order noted that OCC stipulated it "would not assert a limitations defense and/or the prescriptive period as a defense" if Plaintiff refiled in Louisiana within four months of the order. *Id.* Pursuant to the order, the Texas case was dismissed. On October 18, 2024, within two months of the dismissal of the Texas case, Plaintiff filed the case in the 23rd J.D.C. for Ascension Parish, Louisiana. (R. Doc. 8-3). This

time, however, Plaintiff removed Oxy USA, Inc., and Oxy, Inc., and added four non-diverse individual defendants (the "Individual Defendants"): (1) Bryan Moore, (2) William Pearce, (3) Michael Scholle, and (4) Nomeriano Cruz.

On November 14, 2024, Defendants removed the action to this district, arguing there was diversity jurisdiction because the amount in controversy exceeded $75,000.00 and the Individual Defendants were improperly joined because the claims against them were prescribed and because the allegations Plaintiff made against them could not withstand a Fed. R. Civ. P. 12(b)(6) analysis. (R. Doc. 1). Defendants argue the claims against the Individual Defendants are prescribed because they were not named in the Texas proceeding[1] and were only added in Louisiana to prevent removal more than a year after the events giving rise to the action occurred. Defendants assert Plaintiff's allegations against the Individual Defendants do not meet the Fed. R. Civ. P. 12(b)(6) standard because they lack specificity, are boilerplate, and do not establish a reasonable basis for recovery under Louisiana law.

On December 13, 2024, Plaintiff filed the instant Motion to Remand, arguing the case should be remanded because complete diversity is not present. Plaintiff contends prescription was interrupted for the Individual Defendants, under La. C.C. art. 2324(C), when the lawsuit was initially filed in Texas state Court on June 23, 2023, because the Individual Defendants were joint tortfeasors with OCC. Plaintiff also argues that, once the Texas case was dismissed on August 20, 2024,[2] prescription began anew, allowing Plaintiff a full year to file his case, including his claims against the Individual Defendants. Plaintiff asserts Defendants cannot meet

---

[1] OCC's representation in the Texas dismissal order to not make prescription arguments would have no effect on the Individual Defendants, who were not even named in the Texas lawsuit. (R. Doc. 8-4). Plaintiff's argument to the contrary is particularly untenable – suggesting that OCC could waive defenses on behalf of unnamed third parties, thereby permitting him to seek personal liability against the Individual Defendants.

[2] Plaintiff states the case was dismissed on August 8, 2024. This is incorrect according to the dismissal order date.

3

the heavy burden of proving fraudulent joinder, as they have not demonstrated there is no possibility of recovery against the Individual Defendants, pointing out that his complaint alleges the Individual Defendants' roles at the plant, their knowledge of dangerous conditions, their knowledge that injuries were substantially certain to occur, and their specific failures, such as not warning of certain dangers. Plaintiff also argues Louisiana only requires bare bones pleading, and therefore his allegations are sufficient. To the extent his allegations are not sufficient under federal law, Plaintiff argues he should be allowed to amend.

On January 3, 2025, Defendants filed their opposition, arguing again that Plaintiff has not provided sufficient allegations to establish a reasonable basis for recovery under state law against the Individual Defendants. Defendants assert that Plaintiff has failed to allege any specific facts that could lead to personal liability under the Louisiana Supreme Court's *Canter* elements, and that the claims are prescribed. Providing quotes of the allegations in Plaintiff's complaint, Defendants note Plaintiff's allegations are vague, boilerplate, and conclusory, and do not specify any actions by the Individual Defendants that caused the alleged injuries or establish any specific duties delegated to the Individual Defendants or any breach of such duties. Defendants also argue Plaintiff's joint tortfeasor prescription argument is unsupported by specific factual allegations as Plaintiff has failed to allege any facts to support that Defendants were joint tortfeasors with OCC. Defendants also argue Plaintiff's initial suit in Texas did not interrupt prescription as to the Individual Defendants because jurisdiction and venue were not proper in Texas for the Individual Defendants. Finally, Defendants assert Plaintiff should not be allowed to amend to address the complaint's deficiencies as the law does not permit such amendments once a court finds a non-diverse defendant is improperly joined. Defendants conclude Plaintiff's motion to remand should

be denied because the Individual Defendants are improperly joined and their citizenship should be disregarded.

## II. Law and Analysis

### A. Legal Standards

A defendant may remove "any civil action brought in a State [C]ourt of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).[3] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *See Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003). To meet its burden, the removing party must show an "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in [S]tate [C]ourt." *Id*., at 646-47. As Defendants have not alleged

---

[3] There is no dispute that the amount in controversy requirement is satisfied. Accordingly, the Court will turn directly to the issue of whether the Individual Defendants were improperly joined as defendants.

actual fraud, the Court will only consider the latter test. In this situation, the test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 573-74 (5th Cir. 2004).

Generally, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. If a court determines that the non-diverse party has been improperly joined under a Rule 12(b)(6)-type analysis, that party must be dismissed without prejudice. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016). When applying the improper joinder test, a federal court reads the original state court pleading through the lens of the federal pleading standards. *Id.*, at 203. When conducting a Rule 12(b)(6)-type analysis, the Court must determine whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Id.*, at 200 (citation omitted). A claim is facially plausible when the plaintiff pleads facts that allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009). Yet, the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

**B.     Legal Analysis**

    **i.     Plaintiff Fails to Allege Viable Claims Against the Individual Defendants**

Louisiana law sets forth the "limited circumstances" under which an employee can be held individually liable for injuries to third persons. *Banks v. Wal-Mart, Inc.*, No. 18-749, 2018

WL 4001289, at *3 (W.D. La. Aug. 6, 2018). The Louisiana Supreme Court held, in *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973), that an employee may be personally liable to third parties only if the following four distinct elements are satisfied:

> 1. The principal or employer owes a duty of care to the third person[,] breach of which has caused the damage for which recovery is sought.
>
> 2. This duty is delegated by the principal or employer to the defendant.
>
> 3. The defendant . . . has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances—whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.
>
> 4. [P]ersonal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically caused the plaintiff's damages.

Considering Plaintiff's complaint, it is clear to this Court that Plaintiff has failed to allege any viable claims against the Individual Defendants under *Canter*. Plaintiff alleges that he "was directed to perform work in the caustic unit contained in [OCC's] plant when he was severely injured by dangerous and harmful chemicals" and that he was "directed, in part, by [the Individual Defendants] who were employed by [OCC]." (R. Doc. 8-3 at 3). According to the complaint, the Individual Defendants played different roles as employees of OCC at the plant where Plaintiff was injured: (1) Bryan Moore was a production manager, (2) William Pearce was an operations supervisor, (3) Michael Scholle was a safety supervisor, and (4) Nomeriano Cruz was a maintenance manager. (R. Doc. 8-3 at 4). Plaintiff alleges that "each of the [I]ndividuals had actual knowledge regarding the dangerous condition present at the facility and the mechanical issues causing the leak of harmful chemicals prior to the incident and failed to

7

properly ensure that safety measures were taken in order to prevent injury to Plaintiff." *Id.* He also alleges the Individual Defendants "had knowledge of the dangerous condition on the premises and allowed work to be performed in the area[,] knew of the dangerous conditions of [Plaintiff']s work but failed to warn him[, and] failed to make reasonable effort to eliminate the dangerous conditions." (R. Doc. 8-3 at 6). The above allegations are the full extent of Plaintiff's specific and factual allegations regarding the Individual Defendants. The remaining allegations Plaintiff may have intended to concern the Individual Defendants refer only to nonspecific "Defendants" and involve conclusory statements unsupported by any specific facts. *See Matlock v. Bramlett*, 2021 U.S. Dist. LEXIS 184099, at *4 (S.D. Miss. Sep. 27, 2021) (citing *Del Castillo v. PMI Holdings N. Am. Inc.*, No., 2015 U.S. Dist. LEXIS 80301, 2015 WL 3833447, at *6 (S.D. Tex. June 22, 2015)) ("A complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all the defendants, while providing no factual basis to distinguish their conduct.").

As Plaintiff brings only negligence claims, as opposed to intentional tort claims, this Court has assessed Plaintiff's complaint solely under *Canter* and has found Plaintiff fails to meet *Canter*'s second, third, and fourth elements. (R. Doc. 8-1) ("Causes of Action . . . Negligence, Negligence *Per Se*, and Gross Negligence"); *see Ellis v. Evonik Corp.*, No. CV 21-1089, 2021 WL 4862146, at *7 (E.D. La. Oct. 19, 2021) ("*Canter* speaks only to a breach of a duty, *i.e.*, negligence, and suggests no application to intentional torts.").

Regarding the second element, Plaintiff fails to allege any facts to show OCC delegated to the Individual Defendants the responsibility of monitoring any of Plaintiff's work. Even if facts were alleged to indicate the Individual Defendants had or should have been monitoring Plaintiff's work on the day of the accident, thereby arguably giving rise to a duty, no facts have

been alleged to show it would have been a personal duty to Plaintiff. *See Esco v. Smith*, 468 So. 2d 1169, 1175 (La. 1985) (For personal liability to attach under *Canter*, a defendant "must have some personal contact with and responsibility towards the injured employee.").

In addition, Plaintiff merely provides the job titles of the Individual Defendants, alleging nothing about what their respective duties were to OCC, much less Plaintiff. *See Lori Bureau v. BASF Corp.,* 2022 U.S. Dist. LEXIS 44730, at *19-20 (M.D. La. Jan. 3, 2022) (improper joinder of individual plant managers under second *Canter* factor because "Plaintiffs do not make any factual allegations with respect to the actual duties of the Individual Defendants as managers, much less any factual allegations suggesting that these individuals were tasked with independently ascertaining what levels of emissions were safe.").

As relevant to the fourth element, any duties the Individual Defendants had based on their job titles would have been part of their general responsibilities and duties they owed to all workers at the facility because of their positions with OCC. *See Rolls on behalf of A. R. v. Packaging Corp. of Am. Inc.,* 34 F.4th 431, 437-38 (5th Cir. 2022) ("[T]he employee's breach must have been more than a simple breach of a 'general administrative responsibility,' but must instead stem from the breach of a duty the employee owed the plaintiff personally that was not properly delegated to another employee.").

Regarding the third element, while Plaintiff is correct the Fifth Circuit has observed that "an employee's and even a supervisor's knowledge of the dangers present could give rise to the personal duty contemplated in *Canter*[,]" Plaintiff only makes conclusory statements that the Individual Defendants had knowledge regarding any danger Plaintiff may have faced. *Magee v. Dicks Sporting Goods, Inc.*, No. 3:20-CV-00418, 2020 WL 5539795, at *4 (W.D. La. Aug. 31, 2020), *report and recommendation adopted*, No. 3:20-CV-00418, 2020 WL 5535018 (W.D. La.

9

Sept. 15, 2020) (internal quotations omitted) (citing *Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994)). The complaint is devoid of facts to support the allegations that the Individual Defendants had such knowledge. For example, Plaintiff does not allege any facts to show what specific knowledge the Individual Defendants had or which of the Individual Defendants was personally involved in ordering Plaintiff to work in the caustic unit with the unnamed dangerous chemicals or "mechanical issues." *See Lamar Ellis, et al. v. Evonik Corp, et al.,* No. 21-1089, 2021 WL 4862146, at *6 (E.D. La. Oct. 19, 2021) (citations omitted) ("In *Canter* cases, where actual knowledge of a hazard is alleged, courts require that the employee-defendant have actually known of a discrete, imminent risk, which ultimately leads to a plaintiff's injuries."); *see also Gautreau v. Lowe's Home Ctr., Inc.*, No. 12-630, 2012 WL 7165280, at *4 (M.D. La. Dec. 19, 2012) (finding that plaintiff could not state a claim against a store manager because plaintiff alleged no facts indicating the manager "actively contributed to or had any personal knowledge of a harmful condition" in the display that caused plaintiff's injury). Because "general conclusory allegation[s regarding] knowledge of [a] condition, without any supporting facts, [are] insufficient to support a claim against them" under *Canter*, this Court finds Plaintiff has failed to support the third element of *Canter. Miciotto v. Hobby Lobby Stores, Inc.*, 2022 U.S. App. LEXIS 22025, at *8 (5th Cir. Aug. 9, 2022).

      Without factual allegations to support the assertion that the Individual Defendants had the necessary knowledge and failed to warn Plaintiff of any danger, or that the Individual Defendants had a personal duty to Plaintiff distinct from the general duties and responsibilities of their positions, the court has no reasonable basis to predict Plaintiff can recover against the Individual Defendants. Thus, the Individual Defendants may be dismissed as they were improperly joined, meaning this Court has jurisdiction.

      **ii.     Plaintiff's Claims Against the Individual Defendants Have Prescribed**

Plaintiff is correct that, under La. Civ. Code art. 2324(C), "[i]nterruption of prescription against one joint tortfeasor is effective against all joint tortfeasors[.]" Yet, Plaintiff has not established that the Individual Defendants and OCC are in fact joint tortfeasors. *See Turner v. Cain*, 2018 U.S. Dist. LEXIS 223247, at *29 n.125 (M.D. La. Sep. 17, 2018) (citations omitted) ("When the plaintiff's basis for claiming an interruption of prescription is . . . that a joint tortfeasor relationship exists between two or more parties, the plaintiff bears the burden of proving [such]."). A joint tortfeasor is "a party whose conduct, whether intentional or negligent, combines with another party and causes injury to a third party." *Hill v. State Farm Mut. Auto. Ins. Co.*, 55091 (La. App. 2 Cir. 05/10/23); 362 So. 3d 1279, 1285 (citation omitted). To establish such a relationship for a later-added defendant, a plaintiff must allege "specific acts on the part of the newly added defendant that, when taken as true for purposes of defeating an exception of prescription, are sufficient to assert a joint tortfeasor and/or solidary obligor relationship between that defendant and at least one of the timely sued defendants." *Id.,* at 1286. Plaintiff has not provided specific acts on the part of the Individual Defendants, only their job titles and conclusory allegations regarding their knowledge. This is insufficient to establish a joint tortfeasor relationship. As no joint tortfeasor relationship has been established, prescription was not interrupted when the Texas suit was filed, and Plaintiff's claims against the Individual Defendants prescribed on April 7, 2024.[4] Having made this conclusion, the Court finds it unnecessary to address Defendants' argument that the Texas suit did not interrupt prescription as to the Individual Defendants due to any improper jurisdiction or venue.

---

[4] La. C.C. art. 3492 now provides for a two-year period. This change is applied prospectively to actions arising after July 1, 2024. The change is inapplicable to this case, and no party has argued otherwise.

### iii. Leave to Amend at this time is inappropriate

Plaintiff asks this Court to allow him to amend his complaint should it not meet the federal pleading standards, because "the Fifth Circuit has held that where defendants challenge the pleadings on the merits after a case has been removed to federal court, plaintiffs should be permitted leave to amend their complaint in order to conform to the federal pleading standard." (R. Doc. 8-5 at 11). In making this assertion, Plaintiff cites to *Palmquist v. Hain Celestial Group, Inc.*, which noted that "a plaintiff should not be penalized for adhering to the pleading standards of the jurisdiction in which the case was originally brought." 103 F.4th 294, 302 (5th Cir. 2024), *cert. granted in part sub nom. Hain Celestial Grp. v. Palmquist,* No. 24-724, 2025 WL 1211787 (U.S. Apr. 28, 2025).

Plaintiff, however, reads *Palmquist* too far. *Palmquist* did not involve a situation where, as here, a plaintiff sought to amend his complaint *after* seeking remand; it involved a plaintiff amending the complaint soon after removal and *then* seeking remand. *See Id.,* at 299 ("After amending their complaint, the Palmquists moved to remand the suit[.]"). Further, the plaintiff in *Palmquist* was merely clarifying its already properly alleged allegations against the non-diverse defendants. *Id.,* at 304. Here, Plaintiff did not draft allegations against the Individual Defendants that would have been proper even under a purely Louisiana standard. This is much more similar to the situation in *Cavallini v. State Farm Mut. Auto Ins. Co.,* where a plaintiff sought to amend a complaint, *after* seeking remand. 44 F.3d 256, 258-259 (5th Cir. 1995).

Just as in this case, the allegations in the *Cavallini* "complaint d[id] not contain allegations which could support a claim under Texas law against [the non-diverse defendant]." *Id.,* at 260. Thus, the Court held the plaintiff could not be allowed to amend because the "proposed amended complaint d[id] not clarify the jurisdictional facts at the time of removal; it

12

attempt[ed] instead to amend away the basis for federal jurisdiction." *Id.,* at 265. In this case, there is no proposed amended complaint before the Court. Prospective leave to amend will not be provided, especially as no proposed amendment has been offered.

### III.    Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 8) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Bryan Moore, William Pearce, Michael Scholle, and Nomeriano Cruz be **DISMISSED**.

Signed in Baton Rouge, Louisiana, on June 4, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**